**Teodosia GROSZ; et al., Plaintiffs— Appellants,**

v.

**THE BOEING COMPANY; et al., Defendants—Appellees.**

No. 04–55428.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2005.

Decided June 28, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: WARDLAW, PAEZ, Circuit Judges, and BEISTLINE,* District Judge. .

MEMORANDUM **

Plaintiffs, a proposed class of Boeing employees from Boeing's southern California facilities, appeal the denial of class certification under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3). We affirm.

## I. Proposed Order.

██ We reject plaintiffs' argument that the district court erred in adopting Boe-

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing's proposed order without alteration. The district court held an extensive hearing on the proposed class certification and issued a minute order setting forth its decision. The court ordered, among other things, the prevailing party to prepare the proposed order based on the minute order. The district court did not abdicate its responsibility to analyze class certification as plaintiffs claim; thus its order should not be subject to "heightened" review, and, in any event, was proper.

## II. Certification.

█ The district court did not abuse its broad discretion in determining that under Rule 23(a) the requirements of commonality, typicality, and adequacy of representation are not met. *See* Fed. R. of Civ. Pro. 23(a)(2), (3), (4). While excessive subjectivity can be a discriminatory practice, *see Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 990–91, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988) ("If an employer's undisciplined system of subjective decision-making has precisely the same effects as a system pervaded by impermissible intentional discrimination, it is difficult to see why Title VII's proscription against discriminatory actions should not apply."), and diversity of job descriptions within a class is not necessarily fatal to class certification, *see Staton v. Boeing Co.,* 327 F.3d 938, 953 (9th Cir.2003) (upholding certification of a class of "15,000 employees, from a wide range of positions both salaried and hourly"), it was not an abuse of discretion to hold that the combination of these two factors in this case supported the denial of class certification.

Determining what level of subjectivity is appropriate in making employment decisions depends greatly on what job classification is being evaluated. The proposed class consists of employees from five dif-

ferent facilities recently acquired by Boeing, with job classifications that range from procurement specialists and clerical workers to lawyers and cutting-edge research engineers. Diversity of occupations alone is not sufficient to defeat certification, but in this case, the plaintiffs are diverse in a way that affects commonality. While subjectivity in evaluating the work of an employee who books conference rooms may be inappropriate and discriminatory, the same level of subjectivity could be necessary to evaluate an employee who works as a specialized engineer spending months or years on one technical problem. The diversity within job classifications, with their varying degrees of complexity and analysis, affects the determination of whether the alleged discriminatory practice, excessive subjectivity, is discriminatory or a legitimate business practice. Thus, the district court was within its discretion to deny certification for failure to demonstrate commonality, typicality, and representation. *See id.* at 956 (affirming certification under the abuse of discretion standard, but also noting that with such a diverse class, the district court would likely have been within its discretion in denying certification to assure commonality).

Because we find that the requirements of Rule 23(a) are not met, we need not reach the question of whether the proposed class satisfies, in addition, one of the requirements of Rule 23(b). *See Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186, *amended,* 273 F.3d 1266 (9th Cir.2001) (noting that under Rule 23, the plaintiff must show that all four of the requirements of Rule 23(a) are met and then at least one requirement of Rule 23(b)).

AFFIRMED.